Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile: (215) 540-8817
abennecoff@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JONES, <br><br> Plaintiff, <br><br> v. <br><br> DELBERT SERVICES CORPORATION, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR DAMAGES** <br> **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.;** <br> **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ.** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

SCOTT JONES ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DELBERT SERVICES CORPORATION ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692

*et seq.* ("FDCPA"). This statute prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of California and therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(1) and (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Albuquerque, New Mexico 87108.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a corporation specializing in debt collection with its principal place of business located in Anaheim, California 92803.

8. Defendant's registered agent, National Registered Agents, Inc., is located at 818 West Seventh Street, Los Angeles, California 90017.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all times material hereto, Defendant was attempting to collect an alleged consumer debt from Plaintiff as the term is defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code §1788.2(f).

12. The alleged debt originated from an installment loan originally owed to Western Sky, and arose out of transactions that were primarily for personal, family, or household purposes. Further, Plaintiff does not owe any business debts.

13. Beginning in or around July 2013, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's home telephone to collect the alleged debt, causing Plaintiff's telephone to ring continuously.

14. Defendant's harassing debt collection calls derived from numbers including but limited to (877) 983-3523. The undersigned has confirmed that this number belongs to Defendant.

15. Defendant's collectors, including an employee named Karen Huynnh, called Plaintiff, on average, more than four times a day and more than ten times

per week.

16. During their conversations, Defendant's collectors told Plaintiff that he owed $3,820.42 on the alleged debt.

17. Plaintiff disputed the debt amount alleged by Defendant and advised Defendant that the original debt amount was for $2,600.00, of which Plaintiff had already paid $1,300.00 to the original creditor, Western Sky. Therefore, Plaintiff advised that the correct debt amount should approximately be $1,300.00 plus interest.

18. Plaintiff demanded verification of the debt and that Defendant cease calling him. In response to Plaintiff's demands, Defendant's collector aggressively stated, "You don't tell us what to do, we tell you."

19. Despite Plaintiff's demand not to be called, Defendant's calls persisted.

20. Once Defendant was aware that the debt was disputed and that Plaintiff did not wish to be called, there was no purpose for subsequent calls by Defendant except for the purpose of harassment.

21. Further, Defendant threatened, directly and impliedly, to garnish Plaintiff's wages if he did not pay the alleged debt.

22. Defendant threatened, directly and impliedly, to report the alleged debt to the credit bureaus if Plaintiff did not pay the debt.

- 4 -

PLAINTIFF'S COMPLAINT

23. Defendant also threatened, directly and impliedly, to seize Plaintiff's bank account if he did not pay the alleged debt.

24. Based upon information provided and belief, Defendant had no intention to actually act on these threats. Instead, Defendant made these threats with the intent to harass, oppress, and abuse Plaintiff.

25. Defendant's actions as described herein were made with the intent to deceive, harass and coerce payment from Plaintiff.

## COUNT I
## **DEFENDANT VIOLATED § 1692d OF THE FDCPA**

27. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

28. Defendant violated § 1692d when it placed repeated and continuous harassing telephone calls to Plaintiff's home telephone; when it continued to call Plaintiff after being advised that the debt was disputed; when it continued to call Plaintiff after being advised that the calls were unwanted; when it misrepresented the debt amount owed by Plaintiff; when it aggressively and misleadingly told Plaintiff the he could not tell it what to do and that it would tell Plaintiff what to do; when it threatened to garnish Plaintiff's wages if he did not pay the alleged debt; when it threatened to report the disputed debt to credit bureaus if he did not

pay; and, when it threatened to seize Plaintiff's bank account if he did not pay the alleged debt.

## COUNT II
### DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA

29. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

30. Defendant violated § 1692d(5) when it placed repeated and continuous harassing telephone calls to Plaintiff's home telephone; when it continued to call Plaintiff after being advised that the debt was disputed; and, when it continued to call Plaintiff after being advised that the calls were unwanted.

## COUNT III
### DEFENDANT VIOLATED § 1692e OF THE FDCPA

31. A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

32. Defendant violated § 1692e when it misrepresented the debt amount owed by Plaintiff; when it aggressively and misleadingly told Plaintiff the he could not tell it what to do and that it would tell Plaintiff what to do; when it threatened to garnish Plaintiff's wages without the actual intent to take such action; when it threatened to report the disputed debt to credit bureaus without the actual intent to

take such action; and, when it threatened to seize Plaintiff's bank account without the actual intent to take such action.

## COUNT IV
## DEFENDANT VIOLATED § 1692e(4) OF THE FDCPA

33. A debt collector violates § 1692e(4) by representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person, unless such action is lawful and the debt collector or creditor intends to take such action.

34. Defendant violated § 1692e(4) when it threatened to garnish Plaintiff's wages without the actual intent to take such action; and, when it threatened to seize Plaintiff's bank account without the actual intent to take such action.

## COUNT V
## DEFENDANT VIOLATED § 1692e(8) OF THE FDCPA

35. A debt collector violates § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

36. Defendant violated § 1692e(8) when it threatened to report the disputed debt to credit bureaus although it had been advised that the debt amount sought was incorrect.

## COUNT VI
## **DEFENDANT VIOLATED § 1692e(10) OF THE FDCPA**

37. A debt collector violates § 1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

38. Defendant violated § 1692e(10) when it aggressively and misleadingly told Plaintiff the he could not tell it what to do and that it would tell Plaintiff what to do; when it threatened to garnish Plaintiff's wages during its attempt to collect the debt; when it threatened to report the disputed debt to credit bureaus, without the actual intent to take such action, while attempting to collect the debt; and, when it threatened to seize Plaintiff's bank account during its attempt to collect the debt.

## COUNT VII
## **DEFENDANT VIOLATED § 1692f OF THE FDCPA**

39. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

40. Defendant violated § 1692f when it placed repeated and continuous harassing telephone calls to Plaintiff, even after being told that the debt was

disputed and the calls were unwanted; when it misrepresented the debt amount to Plaintiff; when it made multiple threats to Plaintiff; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

WHEREFORE, Plaintiff, SCOTT JONES, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SCOTT JONES, demands a jury trial in this case.

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED, |
|  | KIMMEL & SILVERMAN, P.C.. |
| DATED: May 30, 2014 | By: /s/ Amy L. Bennecoff |
|  | Amy L. Bennecoff (275805) |
|  | Kimmel & Silverman, P.C |
|  | 30 East Butler Pike |
|  | Ambler, PA 19002 |
|  | Telephone: (215) 540-8888 |
|  | Facsimile (215) 540-8817 |
|  | Email: abennecoff@creditlaw.com |
|  | Attorney for Plaintiff |